## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LAUREN E. WISSMAN,         :
    Plaintiff,           :
                      :
   v.                    :        **CIVIL ACTION NO. 23-CV-3153**
                      :
PGM REAL ESTATE LLC,      :
PROPERTY MANAGEMENT, *et al.*,  :
    Defendants.        :

## MEMORANDUM

BARTLE, J.                                  **NOVEMBER  27, 2023**

Currently before the Court is the Amended Complaint of *pro se* Plaintiff Lauren E. Wissman that raises various claims related to her housing in Chester County, Pennsylvania.  For the following reasons, the Court will dismiss the Amended Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and the Federal Rules of Civil Procedure.  Wissman will be granted leave to file a second amended complaint.

## I.    FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY[1]

On August 10, 2023, Wissman initiated this civil action by filing a Complaint, along with a Motion to Proceed *In Forma Pauperis*.  (ECF Nos. 1, 2.)  Named as Defendants were:  PGM Real Estate LLC, a property management company ("PGM"), and its employees Joe Edwards,

---

[1] The facts set forth in this Memorandum are taken from Wissman's Amended Complaint and the publicly available docket of which this Court takes judicial notice.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (courts may consider "matters of public record" in determining whether a pleading has stated a claim).  The Court adopts the pagination supplied by the CM/ECF docketing system.

Jason Santora, Dan Boyes, Jamie Wheeler, April Landis, and Justin Gail.  Wissman also named John and Jane Doe employees of PGM, as well as Anthony Kates, the property owner.

By Memorandum and Order dated October 4, 2023, the Court granted Wissman leave to proceed *in forma pauperis* and dismissed the Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  (*See* ECF Nos. 4, 5.)  The Court noted that the forty-six page Complaint was disjointed.  Nonetheless, upon a careful reading of the Complaint, the Court understood Wissman to allege that Defendants violated her constitutional rights, as well as her rights under the Fair Housing Act ("FHA") and the Americans with Disabilities Act ("ADA").[2]  As an initial matter, the Court found that Wissman did not state a plausible constitutional claim against any named Defendant and dismissed any § 1983 claims.

With respect to claims raised pursuant to the FHA, the rambling nature of her allegations made it difficult to discern the true basis of any such claims.  Throughout her Complaint, Wissman repeatedly asserted that needed repairs were not performed to the property in violation of the FHA, and that she was evicted in violation of the FHA.  However, Wissman did not tie her allegations to her membership in a protected class, much less adequately allege sufficient facts from which one could infer that any Defendant intentionally discriminated against Wissman in that some discriminatory purpose was a motivating factor behind the challenged actions, or that any Defendant's actions or practices disproportionately burdened a protected class of which Wissman is a member, so as to cause a disparate impact.  Additionally, to the extent that

---

[2] Wissman also sought to present numerous claims under state law.  However, because Wissman's federal claims were dismissed, the Court did not exercise supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367(c).  Additionally, the Court determined that Wissman had not established diversity jurisdiction under 28 U.S.C. § 1332(a), because Wissman and at least some of the Defendants were alleged to be citizens of Pennsylvania.  The Court thus dismissed any state law claims without prejudice for lack of subject matter jurisdiction.

Wissman sought to pursue claims under § 3617 of the FHA based on sexual harassment by Defendants Edwards and Kates, the Court determined that her allegations did not plausibly allege that the alleged harassment was sufficiently severe or pervasive as to create a hostile environment.  Further, to the extent that Wissman sought to pursue a retaliation claim under § 3617 of the FHA against PGM because she made verbal complaints regarding the lack of repairs, such claim was not plausible as pled.  The conclusory allegations in the Complaint did not sufficiently link a protected activity to any adverse action.  Accordingly, Wissman's FHA claims were dismissed without prejudice.

With regard to claims raised under Tile II of the ADA, the Court also determined that Wissman had not plausibly alleged a basis for a claim.  In the initial Complaint, Wissman did not plausibly allege that she was a qualified individual with a disability, much less that she was subject to discrimination by reason of a disability, or that she was discriminated against by a "public entity."  As such, Wissman's claims under Title II of the ADA were dismissed without prejudice.

Wissman was given thirty-days leave to file an amended complaint in the event she could cure the defects noted by the Court.  She did so on November 6, 2023.  (*See* ECF No. 6.) Accordingly, the Court will screen the Amended Complaint pursuant to 28 U.S.C. § 1915.

In the Amended Complaint, Wissman named as Defendants:  Chester County Housing Authority ("CCHA"), as well as its employees Dale Gravette, Tyrone Wallace, Jr., Brenda Gomez, Deborah Johnson, Pat Bovitz, Felicia Molina, Brenda Bolt, and Jaquana Morales.  (Am. Compl. at 1, 5-6.)  Also named as Defendants are PGM Real Estates & Associates ("PGM"), and its employees Justin Gall, Jeremy Pilkerton, Dan Boyes, April Landis, Jamie Wheeler, Dan Graboyes, Jason Santora, Joe Edwards, and John Doe maintenance men.  (*Id.* at 1, 7-8.)

Wissman further names property owner Anthony Kates and "Co-Conspirator with PGM Real Estates James A. WhitCraft." (*Id.* at 1, 7, 8.)  Wissman's Amended Complaint is lengthy, disjointed, and largely incomprehensible. (*See id.* at 1-218.)  Wissman contends that she is a "mentally disabled person" and, during a portion of the time relevant to her claims, that she was pregnant. (*Id.* at 3.)  She again asserts that the Defendants' actions violated her constitutional rights, as well as rights secured by numerous federal and state statutes, including the FHA and ADA. (*See, e.g., id.* at 51.)

Attached to Wissman's Amended Complaint are numerous exhibits that include lease agreements, letters from various medical providers, documents pertaining to an eviction matter involving her fiancé, text messages, photographs, and lengthy email communications. (*See id.* at 57-218.)  She seeks declaratory and injunctive relief, as well as damages. (*Id.* at 52-53.)

## II.     STANDARD OF REVIEW

Since Wissman is proceeding *in forma pauperis*, her Amended Complaint is subject to screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Wissman is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'"  *Id.*  (quoting *Mala*, 704 F.3d at 245).  An unrepresented litigant "'cannot flout procedural rules - they must abide by the same rules that apply to all other litigants.'"  *Id.*

A complaint also may be dismissed for failing to comply with Federal Rule of Civil Procedure 8.  *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019); *see also Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014) (*per curiam*) ("A district court may sua sponte dismiss a complaint for failure to comply with Rule 8.").  To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2).  The United States Court of Appeals for the Third Circuit has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims."  *Garrett*, 938 F.3d at 93 (citation omitted).  The important consideration for the Court is whether "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

 "[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8."  *Garrett*, 938 F.3d at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently

informed to determine the issue.") (quotations omitted).  The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Garrett*, 938 F.3d at 94.  Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.* (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## II.   DISCUSSION

The Amended Complaint once again falls short of providing sufficient factual allegations to state a plausible claim.  It also fails to comply with Rule 8.

It appears that Wissman first entered into a lease agreement for property at 719 Strickersville Road, Landenberg, Pennsylvania, on June 24, 2019, and the lease was renewed for one-year terms on June 24, 2020, June 6, 2021, and May 27, 2022, with the term of the latest renewal to end on May 31, 2023.  (Am. Compl. at 9-10.)  It further appears that a "60 Day Lease Termination Notice (Non-Renewal of Lease)" dated March 16, 2023, was sent to Wissman via certified mail notifying her that the lease for 719 Strickersville Road would terminate on May 31, 2023, because "the owner has decided not to renew" the lease.  (*See id.* at 98.)[3]  Wissman rented

---

[3] The publicly available docket reflects that an eviction proceeding was commenced on June 7, 2023, against Wissman.  *See PGM Real Estate Associates, LLC v. Wissman*, MJ-15305-LT-0000043-2023 (Chester Cnty.).  Wissman filed a cross complaint to the eviction matter.  *See Wissman v. PGM Real Estate Associates, LLC*, MJ-15305-CV-0000076-2023 (Chester Cnty.)  The dockets reflect that judgment was entered against Wissman in each matter, and that she appealed both cases.  An attachment to Wissman's Amended Complaint suggests that she remains in the property pending a hearing to be held on January 26, 2024.  (*See* Am. Compl. at 45, 210.)

the property as a participant in the Housing Choice Voucher ("HCV") program created under

Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f.  (*See, e.g., id.* at 141.)

It is clear that Wissman contends that the "vacate notice" was unlawful and that she was

subjected to discrimination when her lease was not renewed.  It is also clear that Wissman asserts

that CCHA violated her rights when it failed to extend her HCV after its term expired.  The

factual basis for these assertions, however, is not clear.  In drafting the Amended Complaint,

rather than describing the alleged actions of each Defendant, Wissman utilized a system that

cross-references the names of Defendants and prior allegations, such that it is unclear what the

named Defendants are alleged to have done or failed to do.  Additionally, the allegations are

presented mostly in sentence fragments.  The fractured nature of the pleading makes the claims

virtually incomprehensible, especially when combined with its volume.  For example, she alleges

as follows:

> 52.     At all times relevant, Defendants (Am. Compl. ¶'s. 31-39) Acted
> Intentional and negligent gross misrepresentation (Am. Compl. ¶'s. 45-52)
> violating Fiduciary duties to disclose lease agreement in full. a (HUD). Tenancy
> Addendum misleading Tenant (Am. Compl. 32). Pursuant 24 CFR 982.308
> direct negligence.

> 53.     At all times relevant, Defendants (Am. Compl. ¶'s. 31-39).
> policies, procedures, or customs violated the lease agreement (Am. Compl. ¶ 50).
> In contrast to (Am. Compl. ¶ 45).  Which violated (Am. Compl. ¶ 52).

> * * *
> 56.     At all times relevant, victim was denied substantial rights, in
> violation of Fair Housing Act. (Am. Compl. ¶'s 22-30, ¶'s 5-6). Defendants (Am.
> Compl. ¶'s 31-39). Entered agreement pursuant 24. CFR. 982-308- Lease &
> Tenancy, Sect. (a), (b), (2), (3), (f), (1), (i), (ii), (2), (g), (3). And failed to
> disclose Exhibit E together Exhibit 2. Makes both the 5/31/23 (Am. Compl. ¶
> 57). And; makes (Am. Compl. ¶'s 1-6). As Unenforceable lease/contracts void.

> 57.     Defendants (Am. Compl. ¶'s 31-39, ¶ 56) deceitful and deceptive
> practices, did knowingly, intelligently, And intentionally sent victim notice

through U.S. Postal Service via. Certified mail 5/31/23 unlawful vacate notice knowing it was fraud.

\* \* \*

229.    Plaintiff further maintains prior to (Am. Compl. ¶'s. 227-228). Have Contacted Defendants (Am. Compl. ¶22. ¶25. ¶ 26. ¶ 28). Requesting both (HCV). Extensions, request for Housing locator through both telephone and emails.

230.    At all times relevant, in connection (Am. Compl. ¶'s. 227-229). Victim was discriminated (Am. Compl. ¶'s. 12-21, ¶'s. 43-44). Defendants (Am. Compl. ¶ 229, ¶ 68-1-3). In violation (Am. Compl. 5). And are reference herein, as Exhibit S.

231.    At all times relevant, (Am. Compl. 230). Exhibit S gives a detailed Account of efforts requesting assistance, as described (Am. Compl. ¶'s. 227-229), Each application submitted carried a fee between $35.00 to $75.00 dollars.

\* \* \*

234.    Defendants policies, procedures, or customs, (Am. Compl. ¶'s. 229-233). Acted under color of law, (Am. Compl. 229-232). In a conspiracy to deny victim due process in granting (HCV). Extension (Am. Compl. ¶ 232-233). Discriminated against victim (Am. Compl. ¶'s 227-228, ¶'s. 232-233, ¶'s. 43-44, ¶'s. 13-21). Unfairly treated differently because of race (Am. Compl. 68-1-3). Unconstitutional.

(*Id.* at 9-11, 45-46.)

Because the facts are alleged in an unclear and disjointed manner, the Amended Complaint fails to provide fair notice of the grounds upon which Wissman's claims against each Defendant rest. *See Prelle v. United States by Prelle*, No. 22-1453, 2022 WL 16958896, at \*1 (3d Cir. Nov. 16, 2022) (*per curiam*) ("A complaint must contain sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim.") (internal quotations and citations omitted).

There are other defects in the Amended Complaint. Some of Wissman's allegations appear to be internally inconsistent. For example, Wissman claims that she was unable to secure housing after she received the notice to vacate because she was denied the use of a housing

locator.  (*See, e.g.,* Am. Compl. at 45-46.)  However, the Amended Complaint also indicates that

she was denied a voucher extension even after "locating a housing locator who has been assisting

victim since 5/31/23 vacate notice."  (*Id.* at 46.)  Additionally, with respect to the expiration of

her housing voucher, Wissman appears to allege that she was denied an informal hearing as

requested, but the attachments to the Amended Complaint suggest that attempts were made to

schedule a hearing and that as of October 20, 2023, a hearing was to be rescheduled.  (*See id.* at

191-92.)  Thus, the current status of Wissman's voucher is unclear.  Further, it seems that

Wissman merely reiterated her claims of harassment under the FHA, (*see, e.g., id.* at 15-16, 19-

23, 27-30, 36-37), although such claims were dismissed without prejudice upon screening of the

initial Complaint as inadequately pled.  (*See* ECF Nos. 4, 5.)  Wissman also presents allegations

and numerous exhibits concerning her fiancé and his eviction from a separate residence;

however, the relevance of such allegations to the case at bar is not apparent from the face of the

Amended Complaint.  (*See, e.g.,* Am. Compl. at 16-18, 109-133.)  Throughout the Amended

Complaint, Wissman repeatedly alleges in a conclusory fashion that she was discriminated

against due to her disability, "high risk" pregnancy, and race, although she does not even indicate

her race.  (*See, e.g., id.* at 15, 46.)

      Moreover, Wissman attached over 160 pages of exhibits to her Complaint and directs the

Court's attention to such exhibits in an attempt to state one or more of her claims, for example,

the email thread regarding the expiration of her voucher.  (*See id.* at 57-218.)  However, the

Court will not speculate as to Wissman's claims based on the exhibits attached to her Complaint.

Indeed, a plaintiff may not state a claim by relying solely on exhibits.  *See Estate of Egenious

Coles v. Zucker, Goldberg & Ackerman*, 658 F. App'x 108, 111 (3d Cir. 2016) ("[W]e cannot

fault the District Court for failing to intuit the necessary factual allegations from one of the many

exhibits appended to the complaint.  Judges are not like pigs, hunting for truffles buried in the record.") (citations and quotations omitted); *see also Berkery v. Credit Collection Servs.*, No. 21-3809, 2021 WL 4060454, at *2 (E.D. Pa. Sept. 7, 2021) ("While a court may consider exhibits attached to a complaint, merely attaching exhibits is insufficient to meet the requirement that a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."); *RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, No. 13-77, 2013 WL 1338309, at *2 (D.N.J. Apr. 1, 2013) ("Plaintiff cannot meet its pleading requirements under Rule 8(a) by attaching numerous exhibits to its Complaint.").

It is clear that Wissman seeks to present claims of discrimination against various Defendants and claims that her constitutional rights were violated.  However, the circumstances surrounding the alleged discrimination and constitutional violations remain entirely unclear. Reading the Amended Complaint as a whole, and construing it in a light most favorable to Wissman, the Court concludes that Amended Complaint fails to comply with Rule 8 and lacks sufficient coherent factual allegations to state a plausible claim against any Defendant. Therefore, the Court will dismiss the Complaint in its entirety.  *See Afzal v. N.J. Bd. of Med. Examiners*, No. 22-1609, 2022 WL 4533826, at *3 (3d Cir. Sept. 28, 2022) (*per curiam*) (affirming dismissal of complaint pursuant to Rule 8 because plaintiff failed to plead adequate factual content to support a reasonable inference that defendants were liable and failed to present cognizable legal claims to which defendants could respond on the merits).  The Court will not address any additional defects in light of the dismissal on these grounds.

## IV.   CONCLUSION

For the foregoing reasons, the Court will dismiss the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim and for failure to comply with the Federal

Rules of Civil Procedure.  Considering Wissman's *pro se* status, she will be permitted one final opportunity to file a second amended complaint if she believes she can cure the defects the Court has noted in her claims.  An appropriate Order follows, which provides further instruction on amendment.

BY THE COURT:

*Harvey Bartle III*

HARVEY BARTLE III, J.